FILED

NOT FOR PUBLICATION

MAY 2 2022

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

N.F., a minor, by and through his guardian ad litem Melanie Flyte,

Plaintiff-Appellant,

v.

ANTIOCH UNIFIED SCHOOL DISTRICT, A Local Educational Agency,

Defendant-Appellee.

No. 21-15780

D.C. No. 4:18-cv-04731-KAW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Argued and Submitted April 13, 2022
San Francisco, California

Before: SILER,[**] W. FLETCHER, and M. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Petitioner N.F. appeals from the district court's grant of summary judgment in favor of the Antioch Unified School District ("AUSD"). We have jurisdiction under 28 U.S.C. § 1291.

N.F. is an elementary school student who resided at all relevant times in the boundaries of AUSD. In August 2017, N.F. filed a due process hearing request with the Office of Administrative Hearings and named AUSD as the respondent. After ten days of hearings and reviewing the evidence presented, the Administrative Law Judge ("ALJ") found in favor of AUSD on all the issues raised by N.F. N.F. filed an action seeking review of the ALJ's decision in the Northern District of California. The district court denied N.F.'s motion for summary judgment and granted AUSD's cross-motion for summary judgment. N.F. timely appealed.

We review the district court's findings of fact for clear error, and we review questions of law and mixed questions of fact and law de novo. *N.B. v. Hellgate Elementary Sch. Dist. ex rel. Bd. of Dirs.*, 541 F.3d 1202, 1207 (9th Cir. 2008). We accord administrative rulings in Individuals with Disabilities Education Act ("IDEA") cases "due weight," *Bd. Of Educ. v. Rowley*, 458 U.S. 176, 206 (1982), with greater deference given where the findings are "thorough and careful," *R.B. ex*

*rel. F.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 942 (9th Cir. 2007). The ALJ's thorough and careful decision in this case is entitled to substantial deference.

We grant N.F.'s requests for judicial notice of a supplemental document (Dkt. Entries 13, 35).

1. N.F. contends that AUSD violated IDEA by failing to create records essential to address his behavioral needs. The district court found that, to the extent AUSD was required to record behavioral data, the record establishes that it did. It found that N.F.'s Individualized Education Program ("IEP") team collected behavioral data for most of the days that he attended AUSD. That finding was not clearly erroneous.

2. N.F. contends that AUSD did not sufficiently provide individualized behavioral services to address his IEP goals and objectives. N.F. has not shown that AUSD failed to implement his behavior intervention plan ("BIP") or to provide sufficient behavioral services. Multiple members of N.F.'s IEP team testified that they implemented his BIP. The rapid increase in N.F.'s dysregulated behaviors at the end of 2017 is, standing alone, insufficient evidence to show that AUSD failed to provide behavioral services. If anything, N.F.'s behaviors improved significantly while he attended AUSD.

3.  N.F. contends that AUSD denied him a free appropriate public education ("FAPE") by failing to assess him in speech and language prior to May 2016. IDEA requires local educational agencies to assess children "in all areas of suspected disability," 20 U.S.C. § 1414(b)(3)(B), "at least once every 3 years," *id.* § 1414(a)(2)(B).  An assessment must also be conducted if the school district "determines that the educational or related services needs . . . of the child warrant a reevaluation," or "if the child's parents or teacher requests a reevaluation." *Id.* § 1414(a)(2)(A).

AUSD fulfilled these requirements.  N.F. was assessed in speech and language in 2014, so AUSD was not required to conduct another assessment until three years later.  As soon as N.F.'s parents requested an updated assessment, AUSD offered it to them.  It commenced the assessment within two months of receiving N.F.'s parents' signed consent to the assessment, and further delays in the assessment were outside of AUSD's control.  Further, N.F. offers no evidence that AUSD had notice that his educational needs necessitated an earlier speech and language assessment.

4.  N.F. contends that AUSD denied him a FAPE by failing to conduct another autism assessment after it learned about Dr. Kim Miller's autism diagnosis. In spring 2016, Dr. Valerie Lopes, acting on behalf of AUSD, determined that N.F.

4

did not fulfill the California educational criteria for autism. In fall 2016, N.F.'s parents hired Miller to examine N.F., and Miller diagnosed him with Autism Spectrum Disorder. On January 1, 2017, Miller signed a written report concluding that N.F. was on the autism spectrum.

Although Miller's report was available to N.F.'s parents in January 2017, they did not inform AUSD of Miller's diagnosis until October 3, 2017. At the October 3, 2017, IEP meeting, N.F.'s parents did not request a new evaluation, and they agreed to review N.F.'s BIP at an annual IEP meeting scheduled for November. In November and again on December 15, 2017, AUSD attempted to conduct this annual IEP meeting. N.F.'s parents were unavailable for the November meeting, and declined to conduct an IEP review at the December meeting. N.F. was then suspended for multiple days, and, on January 11, 2018, AUSD filed before the Office of Administrative Hearings a request for an expedited due process hearing to move N.F. to an interim placement. In February 2018, N.F.'s parents disenrolled him from AUSD. Given this sequence of events, AUSD did not commit an actionable violation of IDEA by failing to re-assess N.F. for autism between October 2017, when his parents informed the school district about Miller's diagnosis, and February 2018, when N.F. was disenrolled from AUSD. *See Amanda J. ex rel. Annette J. v. Clark County Sch. Dist.*, 267 F.3d 877,

5

892 (9th Cir. 2001) (conduct that does not result in denial of a FAPE is non-actionable).

**AFFIRMED.**